**Saba Kifle MEBRATU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71606.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Marion E. Guyton, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Saba Kifle Mebratu, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ's") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We grant the petition.

Petitioner has not established that she suffered a due process violation. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (stating that this court reviews claims of due process violations during removal proceedings *de novo* ). Petitioner has failed to explain or support her contention that the IJ denied her a full and fair hearing. *See Martinez–Serrano v. INS,*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

94 F.3d 1256, 1260 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.") Further, a review of the record does not support her argument. *See Colmenar*, 210 F.3d at 971 (stating that the BIA's decision should be reversed only if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case.") (internal quotation marks omitted).

The IJ in San Diego acted properly by changing venue back to Los Angeles. *See Immigrant Assistance Project v. INS*, 306 F.3d 842, 868 (9th Cir.2002) (stating that this court reviews venue rulings *de novo* ). Even had the venue change constituted a due process violation, Petitioner has not established that such a violation resulted in prejudice, especially as Petitioner's San Diego attorney continued to represent her in Los Angeles. *See Martinez-de Bojorquez v. Ashcroft*, 365 F.3d 800, 806 (9th Cir.2004).

█ However, substantial evidence in the record does not support the IJ's adverse credibility finding. *See Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004). The IJ's stated reasons for questioning Petitioner's credibility were based upon "impermissible speculation and conjecture." *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004); *see also Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000). Further, because "the [IJ] offer[ed] no legitimate reason to question the applicant's credibility, we must reverse a finding that the applicant failed to meet h[er] burden of proof because [s]he did not provide corroborating evidence." *Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000). Petitioner's testimony and application were clear, detailed, and internally consistent. Over-

all, "[t]he record lacks evidence upon which an adverse credibility determination can be made." *Ge*, 367 F.3d at 1125. We therefore reject the adverse credibility determination and deem Mebratu credible. Accordingly, we grant Mebratu's petition and remand for the IJ to consider Mebratu's asylum, withholding of removal, and CAT claims. *See He v. Ashcroft*, 328 F.3d 593, 603–04 (9th Cir.2003).

**PETITION GRANTED.**