Jose **MATIAS–ZET**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

Nos. 03–72546, A77–299–903.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Farah Loftus, Law Office of Farah Loftus, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Arthur L. Rabin, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

## MEMORANDUM**

Jose Matias–Zet, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's denial of his applications for asylum, withholding of removal, protection under the Torture Convention and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252, and grant the petition.

The BIA affirmed the immigration judge's decision pursuant to its streamlining regulations, so we review the immigration judge's decision as the final agency action. *See Falcon–Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003) ("If the BIA streamlines a case, the IJ's decision becomes the final agency decision, and the regulatory scheme gives us a green light to scrutinize the IJ's decision as we would a decision by the BIA itself"). "We review factual findings of the IJ and the BIA under the 'substantial evidence' standard." *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003).

Because the immigration judge expressly found Matias–Zet's testimony credible, we "accept the facts given by [Matias–Zet] and the reasonable inferences to be drawn therefrom as true." *Zheng v. Ashcroft,* 332 F.3d 1186, 1189 n. 4 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Matias–Zet testified that he was a member of an organization, Associacion Todos Unidos ("ATU"), that opposed the Guatemalan government's proposed land redistribution program as well as government corruption. Guatemalan soldiers disrupted one of the ATU's meetings, accusing them of being anti-government guerillas, and beat Mr. Matias–Zet's uncle to death after he admitted to being the leader of the group. When several individuals present attempted to intervene, the soldiers responded with gunfire, killing one of Matias–Zet's friends. Matias–Zet fled, and hid for three days. He returned to his home where his wife told him that government officials were looking for his uncle's family members and had arrested his aunt and nephew. Matias–Zet's wife also told him that government officials were looking for him. Matias–Zet's took his wife and children to his wife's family's residence, and fled the country.

Although the immigration judge concluded that Mr. Matias–Zet's testimony was credible, he found that it was not sufficiently "detailed, plausible, and complete" to support his asylum application. In particular, the immigration judge noted that State Department Country Reports for Guatemala indicated that there was not much of a guerilla problem in 2000, that Mr. Matias–Zet's assertion that the government gave his family notice that they would be losing their land was not "particularly present" in the State Department reports, and that Mr. Matias–Zet never reported the February, 2000 incident either to the police or the military. Accordingly, the immigration judge found that Mr. Matias–Zet had failed to establish a sufficient nexus between the government's conduct and a protected ground. Finally, the immigration judge stated that there "appeared to be" changed country conditions in Guatemala which would mitigate against granting asylum.

To demonstrate that persecution was on account of a protected ground, "an applicant need only 'produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground.'" *Gafoor v. INS,* 231 F.3d 645, 650 (9th Cir.2000) (quoting *Borja v. INS,* 175 F.3d 732, 736 (9th Cir.1999)). In this case, petitioner testified that government soldiers disrupted the meeting of a political organization dedicated to opposing government corruption and land reform efforts, accused them of being guerillas opposed to the government, and killed Matias–Zet's uncle when he acknowledged being the leader of the group. We have held that "extra-judicial punishment of suspected anti-government guerillas can constitute persecution on account of imputed political opinion." *Singh v. Ilchert,* 63 F.3d 1501, 1508 (9th Cir.1995). Moreover, in the absence of a legitimate prosecutorial motive for governmental harassment of a person, "there arises a presumption that the motive for harassment is political." *Hernandez–Ortiz v. INS,* 777 F.2d 509, 516 (9th Cir.1985).

Given the immigration judge's finding that petitioners' testimony was credible, we cannot say that his conclusion that petitioner failed to establish a sufficient nexus between the harassment he suffered during and in the days that followed the ATU meeting and a protected ground is supported by substantial evidence.

Petitioner's failure to report the November 18, 2000 incident is not a proper basis for denying his asylum application where he credibly alleged persecution at the hands of government actors. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1078 (9th Cir.2004) ("Only where non-governmental actors are responsible for persecution do we consider whether an applicant reported

the incident to the police, because in such cases a report of this nature may show governmental inability to control the actors").

 The immigration judge also stated, apparently relying on the State Department reports, that there "appears to be changed country conditions" in Guatemala which weighed against petitioner's asylum application. We have consistently held that "a State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution." *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir.2004) (internal quotation marks omitted). Rather, we require an individualized analysis of how changed country conditions will affect the specific petitioner's situation." *Id.* This finding is therefore not supported by substantial evidence.

Having established government action on account of Matias–Zet's political opinion, we must remand to the BIA for proceedings consistent with this opinion. *INS. v. Ventura*, 537 U.S. 12, 15–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that the proper course is usually to remand, because the administrative agencies are in a better position to make these determinations).

The IJ did not reach the issue of Matias–Zet's eligibility for withholding of removal because Matias–Zet failed to establish the less stringent standard of eligibility for asylum. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (noting that an applicant who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard necessary for

withholding). Accordingly, we remand for further proceedings.

 Matias–Zet's petition for review of the IJ's denial of relief under the Convention Against Torture. His brief, however, fails to present an argument on this issue, and it is therefore deemed waived. *See* Fed. R.App. P. 28(a)(9); *Martinez–Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). We therefore affirm the IJ's denial of relief under the Convention Against Torture.

**PETITION GRANTED IN PART AND DENIED IN PART**