**Xiao Guang CAI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–72223.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 24, 2005.

Xiao Guang Cai, Monterey Park, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Xiao Guang Cai, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where the BIA adopts the findings and reasoning of the IJ, this court reviews the decision of the IJ as if it were that of the BIA." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). We review for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The IJ based his adverse credibility finding on, among other things, inconsistencies between petitioner's application and his testimony on matters concerning: the issuance of a police summons, bail, the manner of his termination of employment, the number of times and manner in which he was interrogated in police custody, and police surveillance of his residence. *See Chebchoub,* 257 F.3d at 1043–44. The IJ provided specific and cogent reasons for finding petitioner not credible, and the denial of asylum is supported by substantial evidence. *See id.* at 1044. Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah,* 348 F.3d at 1156.

---

Petitioner has waived his claim for protection under CAT by failing to raise any arguments in his opening brief challenging the BIA's denial of this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.