**Quin Wan ZHUANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73820.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel K.Y. Fong, Law Offices of Daniel K.Y.Long, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Office of Immigration Lit., DOJ—U.S. Department of Justice Civil Div., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Quin Wan Zhuang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000), and we grant the petition.

Substantial evidence does not support the BIA's finding that the abuse petitioner suffered did not constitute past persecution on account of religion. Because petitioner was arrested, detained for fifteen days, and beaten twice for holding a Christian religious service in his home, and this conduct rises to the level of persecution, substantial evidence does not support the BIA's denial of asylum. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir.2004) (finding past persecution where alien, a Christian from China, was detained for fifteen days and beaten twice).

Accordingly, we conclude that petitioner established past persecution, giving rise to a rebuttable presumption of a well-founded fear of persecution. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). We grant the petition for review and remand to the BIA to give the Attorney General an opportunity to rebut this presumption and for the BIA to consider whether petitioner qualifies for relief. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Lopez v. Ashcroft,* 366 F.3d 799, 805–07 (9th Cir.2004).

Petitioner failed to raise his withholding of removal and CAT claims in his opening brief, so those claims are waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.