Esli Abraham DELEON–AGUILAR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70943.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

---

* The panel unanimously finds this case suitable

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Shelley R. Goad, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Esli Abraham Deleon–Aguilar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). We deny the petition.

Substantial evidence supports the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution. Any mistreatment that petitioner experienced fails to rise to the level of persecution, and any fear of future persecution is not objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (finding no persecution where alien was teased, bothered, discriminated against and harassed because of her Pentecostal religious beliefs); *see also Kotasz v. INS*, 31 F.3d 847, 854 (9th Cir.1994) (holding alien failed to establish a well-founded fear of persecution because she only showed discrimination and not persecution); *Rostomian*, 210 F.3d at 1089 (denying asylum because general civil strife was insufficient to establish a well-founded fear of persecution). Petitioner's asylum claim accordingly fails.

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

Petitioner failed to raise his CAT claim in his opening brief, and therefore waived this claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.