**Samuel MARTINEZ–SERRANO, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 94–70674.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1996.

Decided Aug. 30, 1996.

Ralph J. Leardo, San Francisco, California, for petitioner.

Frank W. Hunger, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before HALL and BRUNETTI, Circuit Judges, and WEINER,* District Judge.

BRUNETTI, Circuit Judge:

Samuel Martinez–Serrano, a citizen of Mexico, petitions for a review of the Board of Immigration Appeals (BIA) dismissal of his appeal and denial of his motion to reopen and reconsider.

## I. BACKGROUND

On February 27, 1990, the Immigration and Naturalization Service (INS) began deportation proceedings against Martinez–Serrano for entering the United States without inspection. The Immigration Judge (IJ) found Martinez–Serrano deportable and granted him voluntary departure.

On October 3, 1990, the petitioner filed a notice of appeal to the BIA, contending that the IJ did not need to find him deportable before granting him voluntary departure. He indicated that he intended to file a separate written brief or statement. He, however, did not provide a separate written brief. On July 29, 1991, the BIA dismissed Martinez–Serrano's appeal, stating: "[t]he relief the respondent is requesting cannot be accorded by the immigration judge or this Board." The BIA also found that petitioner's deportability had been established by clear, unequivocal, and convincing evidence.

On October 28, 1991, petitioner filed a motion to reopen and reconsider the decision of the BIA. The primary basis of the motion was to allow the BIA to remand for a waiver of deportability for humanitarian purposes pursuant to INA § 241(a)(1)(E)(ii), on the ground that he was aiding his three Mexican children to cross the border when he was arrested. He stated that INA § 241(a)(1)(E)(ii) was not available to him when he appeared before the IJ and at the time he appealed to the BIA because it was not amended until November 29, 1990. He

also contended that the BIA erred in dismissing his appeal.

On June 24, 1994, the BIA denied petitioner's motion to reopen. The BIA reasoned that petitioner was charged with entering without inspection, not charged with deportability as a smuggler. The BIA stated that INA § 241(a)(1)(E)(iii) was presumably what petitioner was referring to in his brief, because § 241(a)(1)(E)(ii) only applies to aliens who smuggle their family members prior to May 5, 1988 and petitioner smuggled his children in February 1990. The BIA then noted that § 241(a)(1)(E)(iii) does not apply to petitioner because he was not charged with smuggling aliens.

The BIA first mailed its June 24, 1994 decision to the address that the petitioner's representative had originally supplied. The petitioner's representative had moved and notified the BIA of his new address by mailing a letter to the Executive Office of the Immigration Review, Board of Immigration Appeals on September 30, 1993—long before the BIA issued its decision. When the BIA realized the mistake it made, it sent another copy of the decision to the correct address on July 22, 1994.

On October 20, 1994, Martinez–Serrano filed a petition for review. On October 27, 1994, this Court issued an order to show cause why the petition for review should not be dismissed for lack of jurisdiction, as it was filed more than 90 days after the date of the BIA's June 24, 1994 decision. Martinez–Serrano filed a response to the order to show cause, and the INS filed a reply to the response and a motion to dismiss. This Court denied the INS' motion to dismiss for lack of jurisdiction and ordered the parties to address in their briefs whether this Court should adopt the Second Circuit's approach with respect to this Court's jurisdiction over this petition.

## II. BIA'S DISMISSAL OF APPEAL OF IJ'S DECISION

■ Martinez–Serrano argues that on a petition for review of the BIA's denial of the

---

* Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

motion to reopen or reconsider, this Court reviews both the decision dismissing the appeal *and* the denial of the motion to reopen or reconsider. For support, he cites *Padilla–Agustin v. INS*, 21 F.3d 970, 973 (9th Cir.1994) and *Ogio v. INS*, 2 F.3d 959, 960 (9th Cir.1993).

8 U.S.C. § 1105a(a)(1) states that "a petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order." This statutory time limit is both mandatory and jurisdictional. *Caruncho v. INS*, 68 F.3d 356, 359 (9th Cir. 1995) (quoting *Hernandez–Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir.1980)).

In *Padilla–Agustin* and *Ogio*, we held that "a motion to reopen or reconsider, or a petition for review filed within the statutory time limit would make an otherwise final appealable order ... no longer appealable in this court until the motion is denied or the proceedings have been effectively terminated." *Caruncho*, 68 F.3d at 359 (internal quotations omitted) (quoting *Chung v. INS*, 720 F.2d 1471, 1474 (9th Cir.1983), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2659, 81 L.Ed.2d 366 (1984)). In other words, the filing of a motion to reopen or reconsider effectively tolled the statutory time in which to appeal the underlying final order.

In *Stone v. INS*, ___ U.S. ___, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), the Supreme Court expressly rejected our tolling rule and held that the finality of an underlying order was "not affected by the subsequent filing of a motion to reconsider." *Id.* at ___, 115 S.Ct. at 1549. *See Pablo v. INS*, 72 F.3d 110, 113 (9th Cir.1995) (noting how *Stone* overruled *Padilla–Agustin* and *Ogio* ); *Caruncho*, 68 F.3d at 360 (same). Thus, a deportation order is "final when issued, irrespective of the later filing of a reconsideration motion, and the aggrieved party would seek judicial review of the order within the specified period." *Id.* at ___, 115 S.Ct. at 1544.

Martinez–Serrano did not file a separate petition for review for the BIA's dismissal of his appeal. Moreover, he failed to file a petition for review of the BIA's dismissal of his appeal within the 90 days after the issuance of the opinion. He only filed the petition for review for the denial of his motion to reopen and reconsider, over three years after the BIA's dismissal of his appeal. The ninety-day limitation period has run on Martinez–Serrano's petition for review insofar as it seeks review of the BIA's dismissal of his appeal. This Court does not have jurisdiction to review the BIA's dismissal of his appeal of the IJ's finding of deportation.

## III. JURISDICTION TO REVIEW THE BIA'S DENIAL OF MOTION TO REOPEN AND RECONSIDER

■ The INS argues that Martinez–Serrano's petition for review for denial of his motion to reopen and reconsider is also untimely, as it was filed on October 20, 1994— more than 90 days after the BIA's June 24, 1994 opinion. We disagree.

8 U.S.C. § 1105a(a)(1) states that "a petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order." 8 U.S.C. § 1105a(a)(1). As above, this time limit is mandatory and jurisdictional. *Caruncho*, 68 F.3d at 359 (quoting *Hernandez–Rivera*, 630 F.2d at 1354). The issue is whether the time for filing the petition for review began to run when the BIA mailed its decision denying the motion to reopen and reconsider to petitioner's representative's old address, or when the BIA mailed its decision to the correct address. More specifically, the question is "what does 'the date of issuance' mean in this context?". This Circuit has not dealt with this issue.

The Second and Fifth Circuits, however, have dealt directly with this issue and both have held that "the date of issuance" is the date the final deportation order was mailed to the correct address. *Zaluski v. INS*, 37 F.3d 72, 73 (2d Cir.1994); *Ouedraogo v. INS*, 864 F.2d 376, 378 (5th Cir.1989).

In *Zaluski*, Zaluski's attorney followed the procedures for notifying the BIA when he changed his address. *Zaluski*, 37 F.3d at 73. The BIA nevertheless mailed its decision to Zaluski's counsel's former address. *Id.* Then, "[t]he BIA apparently learned of the error and, ... mailed another copy of its decision to the lawyer's current address." *Id.* The Second Circuit stated that the

BIA's regulations, which require service of its decisions, specify that decisions be mailed to the appropriate party. *Id.* (quoting 8 C.F.R. §§ 3.1(f), 3.13). It held that the decision was not mailed to the appropriate party until it was directed to the address duly recorded with the BIA. *Id.* "[T]ime for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to petitioner's [or his counsel's] address of record." *Id.* (quoting *Ouedraogo,* 864 F.2d at 378 and *Lee v. INS,* 685 F.2d 343, 344 (9th Cir.1982)).

In *Ouedraogo,* the petitioner claimed that he was never advised of the BIA's decision and was never provided with a copy of the BIA's decision. *Ouedraogo,* 864 F.2d at 378. The record did not show when the BIA mailed a copy of its order to the petitioner. *Id.* Because the INS could not establish when it mailed the BIA's decision, the Fifth Circuit declined to dismiss the appeal for untimely filing of the review petition. *Id.*

In this case, the circumstances of the mailing of the BIA decision denying the motion to reopen and reconsider are exactly like the ones in *Zaluski.* Martinez–Serrano's representative notified the BIA of his change in address. The BIA proceeded to mail its decision to the wrong address. One month later, the BIA sent the decision to the correct address. The BIA failed to comply with the terms of the federal regulations by mailing its decision to the incorrect address.

The INS concedes that the facts in *Zaluski* are similar to the facts in this case, but contends that the Second and Fifth Circuits erroneously equated "issuance" of the final order with "service" of the order. The INS argues that petitioner had "more than ample time to file his petition for review within ninety days of the date noted on the decision." Petitioner's time to file a petition for review was shortened by a third of the time allotted for filing a review petition. He had sixty days, as opposed to ninety days, to file a review petition. The INS cites *Ashby Enterprises v. Weitzman, Dym & Assocs.,* 780 F.2d 1043 (D.C.Cir.1986) for the proposition that the court clerk's failure to send notice of the court's judgment to the defendant does not extend time for filing a notice of appeal.

*Ashby Enterprises, Ltd.* is not helpful because, as petitioner correctly notes, *Ashby Enterprises* deals with Federal Rule of Civil Procedure 77(d) and that Rule expressly states that lack of notice of the entry by the clerk does not affect the time to appeal. We find *Ashby Enterprises* inapposite and are not therefore persuaded by the INS' arguments.

We adopt the rule in *Zaluski* and *Ouedraogo.* See *United States v. Chavez–Vernaza,* 844 F.2d 1368, 1374 (9th Cir.1987), *cert. denied,* 510 U.S. 1204, 114 S.Ct. 1324, 127 L.Ed.2d 672 (1994)("[A]bsent a strong reason to do so, we will not create a direct conflict with other circuits."). The rule in *Zaluski* and *Ouedraogo* is sound because the petitioner should not be penalized for the BIA's failure to comply with the terms of the federal regulations. The BIA had petitioner's representative's correct address, yet sent the decision to the wrong address. This Court therefore has jurisdiction to review the BIA's denial of the motion to reopen and reconsider.

## IV. BIA'S DENIAL OF MOTION TO RE-OPEN AND RECONSIDER

Federal Rule of Appellate Procedure 28(a)(6) provides: "The argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on. ...." FRAP 28(a)(6). Issues raised in a brief that are not supported by argument are deemed abandoned. *Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1992). Furthermore, an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived. *Simpson v. Union Oil Co.,* 411 F.2d 897, 900 n. 2 (9th Cir.), *rev'd on other grounds,* 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13 (1969). "It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990) (citation and internal quotations omitted).

In the Statement of the Case, petitioner states: "This petition seeks review of the Board's decision dismissing the appeal and the order denying the motion to reopen and reconsider." Petitioner, however, addresses in the argument portion of his opening brief only two issues: 1) when the ninety-day limitation runs; and 2) that the BIA's dismissal of his appeal of the IJ's decision was erroneous. He fails to address how the BIA abused its discretion by denying his motion to reopen and reconsider its decision. Martinez–Serrano has thereby waived this issue. The petition for review is DENIED.

DENIED.