**Marta Nohemi Espinoza ROSA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71963.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Marta Nohemi Espinoza Rosa ("Espinoza"), a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of the immigration judge's ("IJ") denial of her requests for asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

We review for substantial evidence the IJ's and the BIA's adverse credibility finding and denial of asylum and we uphold those determinations unless the evidence compels a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir. 2000).

Substantial evidence supports the adverse credibility finding because Espinoza provided information in her initial and supplemental asylum applications and in her asylum interview that was inconsistent with and contradictory to her hearing testimony, and she was unable to reconcile these discrepancies. *See id.* at 1245 (upholding adverse credibility determination because petitioner's explanation of discrepancies between asylum application and hearing testimony did not "compel[ ] the opposite result"). For example, Espinoza admitted at the removal hearing that she did not know if she was on a "blacklist" in Guatemala, despite claiming in her supplemental asylum application that her name was on a "blacklist" and that she would be killed upon her return to Guatemala.

The factual discrepancies went to the "heart of [her] asylum claim." *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th

---

Cir.2001). Therefore, substantial evidence supports the denial of asylum. *See Lata,* 204 F.3d at 1245. It follows that Espinoza did not satisfy the more stringent standard for withholding of removal. *See id.* at 1244.

Contrary to Espinoza's contention, the "BIA's opinion demonstrated that it heard the claim, considered the evidence, and decided against [Espinoza]. Nothing more was required." *Marcu v. INS,* 147 F.3d 1078, 1083 (9th Cir.1998).

We do not consider the denial of Espinoza's request for relief under the Convention Against Torture or for voluntary departure because she did not challenge those rulings on appeal. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.