Ana Bertha PEREZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71587.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Ana Bertha Perez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Attorney, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Anabertha Perez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her motion to reopen. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We dismiss in part and deny in part the petition for review.

▇ We lack jurisdiction to consider Perez's contentions regarding the merits

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of the underlying order of deportation, as well as the IJ's denial of her request to continue her suspension of deportation hearing, because the petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

We review BIA's denial of Perez's motion to reopen for an abuse of discretion. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). The BIA did not abuse its discretion in denying Perez's motion based on ineffective assistance of counsel, because Perez failed to show how counsel's performance, even if deficient, prejudiced her. *See id.* at 899–900 ("Prejudice results when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.") (internal quotations omitted).

We do not consider Perez's eligibility, if any, for relief under the settlement agreement in *Catholic Social Services, Inc. v. Ridge,* Civ S–86–1343–LKK (E.D.Cal.), or *Newman v. U.S. Citizenship & Immigration Services,* Civ. No. 87–4757–WDK (CWx) (C.D.Cal.).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**