**Mariles DEL ROSARIO ZAMORA–LOPEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70851.**

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Margot L. Nadel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Mariles del Rosario Zamora–Lopez, a native and citizen of Guatemala, petitions for review from the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the BIA's determination that even if Zamora–Lopez is deemed credible, she failed to show an objectively reasonable fear of future persecution because, in the decade since her departure, conditions have changed dramatically in Guatemala and no would-be persecutors would have interest in Zamora–Lopez because she was never politically active and any information she may have possessed regarding her husband's party would be outdated. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Zamora–Lopez failed to establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Lata*, 204 F.3d at 1244. Zamora–Lopez does not challenge the BIA's denial of CAT relief and therefore it is waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**