**Chuanxuan XU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72647.

Agency No. A75–712–250.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brenton C. Young, Law Offices of Scott Ryan, Alhambra, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John M. McAdams, Jr., Michael T. Dougherty, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Chuanxuan Xu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We

review an adverse credibility finding for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *See Wang v. INS,* 352 F.3d 1250, 1253, 1257 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the BIA's decision. Xu's testimony was cursory, lacking in sufficient detail and specificity, and failed to mention, *inter alia,* the police visits to his home where they inquired of his whereabouts and claimed that he was a key member of a cultist organization. *See Berroteran–Melendez v. INS,* 955 F.2d 1251, 1256–58 (9th Cir.1992); *see also Wang,* 352 F.3d at 1259 ("[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner]'s claim of persecution, we are bound to accept the [BIA]'s adverse credibility finding").

Because Xu failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc).

We decline to review the BIA's denial of relief under CAT because Xu failed to properly argue it in his brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.