**Tejinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70117.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.[*]

Decided May 18, 2006.

George T. Heridis, Esq., Manish Daftari, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, Thomas M. Bondy, Esq., Mary K. Doyle, Esq., Jeffrica J. Lee, Esq., U.S. Department of Justice Civil Div., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Tejinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

724

8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

The record does not compel reversal of the agency's adverse credibility finding because Singh provided inconsistent evidence regarding a police beating he witnessed, including the names of the victims and other basic details, where his knowledge of the event allegedly caused his first arrest. *See, id.* at 1043 (an inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he fears persecution). The record reflects that the agency properly considered and rejected Singh's explanations for these inconsistencies. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir.2004). In the absence of credible testimony, Singh failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, Singh fails to raise, and therefore waives, any challenge to the BIA's determination that he does not merit a grant of asylum as a matter of discretion. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

Substantial evidence also supports the BIA's denial of CAT relief because Singh did not establish a likelihood of torture upon return. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.