**Angelique Lukula LUVUMBU, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 05–76727.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Oct. 2, 2007.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Tiffany Siart, Milbank, Tweed, Hadley & McCloy LLP, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Kevin Lally, Esq., Office of the U.S. Attorney, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Angelique Lukula Luvumbu, a native and citizen of the Democratic Republic of Congo, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and relief under the Convention Against Torture ("CAT"). We dismiss her petition on the asylum claim for lack of jurisdiction, and deny the petition on withholding of removal and CAT relief.

The BIA held that Luvumbu was ineligible to apply for asylum because she failed to establish that she had filed an asylum application within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review the BIA's determination of this historical fact. *Id.* § 1158(a)(3); *Ramadan v. Gonzales,* 479 F.3d 646, 649–50 (9th Cir. 2007).

The BIA determined that the IJ's adverse credibility findings were not clearly erroneous. The BIA's determination is supported by substantial evidence, including evidence that documents submitted by Luvumbu to support her claims had been altered and discrepancies between Luvumbu's testimony and her brother's detailed letters regarding key events. *See Don v. Gonzales,* 476 F.3d 738, 742 n. 7 (9th Cir. 2007); *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). Therefore, the BIA did not err in affirming the IJ's determination that Luvumbu did not qualify for withholding of removal.

Luvumbu waived her claim that the IJ failed to address her eligibility for CAT relief separately because she raised it for the first time in her reply brief. "[T]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (internal quotations omitted).

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Although the IJ showed frustration during Luvumbu's hearing, Luvumbu was able to testify and fully present her claims. Therefore, the IJ's questioning in this case did not "rise to the level of a due process violation." *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1072 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**