**Amar Jeet SHARMA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–73095, 05–75336.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Law Solutions Incorporation, Los Angeles, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Leon W. Weidman, Esq., San Francisco, CA, for Respondent.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Amar Jeet Sharma, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her applications for withholding of removal and protection pursuant to the Convention Against Torture ("CAT") and its order denying her motion to reopen proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of withholding of removal and CAT. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). We dismiss in part and deny in part the petition for review in No. 05–73095 and we deny the petition for review in No. 05–75336.

We lack jurisdiction to review the agency's determination that Sharma's asylum application was untimely, and that no extraordinary circumstances excused the un-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

timely filing, because the relevant facts are in dispute. *See Ramadan v. Gonzales,* 479 F.3d 646, 656–57 (9th Cir.2007).

Sharma testified that the Indian police persecuted her because she was married to a man of a different caste, but she failed to mention that in her asylum application. Because this omission is material and goes to the heart of Sharma's withholding of removal claim, substantial evidence supports the agency's adverse credibility determination. *See Li,* 378 F.3d at 962.

In the absence of credible testimony, Sharma did not present sufficient evidence to establish eligibility for CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1155–57 (9th Cir.2003).

In Sharma's opening brief, she fails to address and therefore has waived any challenge to, the BIA's order denying her motion to reopen. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part in No. 05–73095.**

**PETITION FOR REVIEW DENIED in No. 05–75336.**

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.