**Ezequiel BLANDON, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73898.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Ezequiel Blandon, Modesto, CA, pro se.

Rhonda M. Dent, Washington, DC, Office of the District Counsel, Department of Homeland Security Oil, Ronald E. Lefevre, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Ezequiel Blandon, a native and citizen of Argentina, petitions pro se for review of the Board of Immigration Appeals'

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Blandon's motion to reconsider its order upholding the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture, when the motion failed to raise an error of fact or law in the BIA's prior decision. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1).

We lack jurisdiction to review the BIA's prior decision because Blandon failed to timely petition this court for review of that decision. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.