**Mohinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72699.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 27, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Richard E. Oriakhi, Roman & Singh, LLP, Fremont, CA, for Petitioner.

David B. Edwards, Legal Division, Dallas, TX, FDIC—Federal Deposit Insurance Corporation, Ronald E. LeFevre, San Francisco, CA, Office of the District Counsel, Department of Homeland Security, Greg D. Mack, Leslie McKay, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Mohinder Singh, native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's decision while adding its own reasons, we review both decisions. *See Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). We review for substantial evidence, reversing only if the evidence compels the result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant Singh's petition for review and remand.

In his opening brief, Singh fails to address, and therefore has waived, any challenge to the agency's determination that his asylum application was untimely. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). Accordingly, we do not consider Singh's asylum claim.

Substantial evidence does not support the IJ's adverse credibility determination. *See Bandari v. INS,* 227 F.3d 1160, 1166–68 (9th Cir.2000). The agency's credibility finding regarding Singh's alleged unfamiliarity with the Akali Dal Mann party was based on impermissible speculation, *see Vera–Villegas v. INS,* 330 F.3d 1222, 1231 (9th Cir.2003), and the minor inconsistencies regarding dates do not enhance Singh's claims or do not go to the heart of his claims, *see Bandari,* 227 F.3d at 1166. In addition, the agency's findings regarding Singh's photographs taken with Simranjit Singh Mann, are based on impermissible speculation and bear no legitimate nexus to Singh's credibility. *See Zahedi v. INS,* 222 F.3d 1157, 1165 (9th Cir.2000). The IJ's additional findings do not form a legitimate basis for the adverse credibility determination. *See Bandari,* 227 F.3d at 1166–68. Finally, because the IJ's and BIA's adverse credibility finding is not supported, Singh was not required to produce corroboration. *See Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004).

We grant the petition for review and remand for the agency to consider whether, taking Singh's testimony as true, he has shown eligibility for withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED AND REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.