**Ermawati ROESLI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–72649.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 30, 2008.

James L. Rosenberg, Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Office of the District Counsel Department of Homeland Security, Los Angeles,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

CA, Kurt B. Larson, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, William C. Peachey, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Ermawati Roesli, native and citizen of Indonesia, seeks review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Taking into account Roesli's expert witness testimony, as the IJ did, substantial evidence supports the agency's conclusion that Roesli did not establish that her fear of persecution based on her association with Front for the Sovereignty of Molucca was objectively reasonable because her fear was too speculative and the potential for harm only would be in a region of Indonesia where she has never been. *See Nagoulko* 333 F.3d at 1018.

Because Roseli failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for with-

holding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Roesli waived any challenge to the agency's denial of CAT relief by failing to raise it in her opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

