**PETITION FOR REVIEW DENIED.**

**EN TZE GO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74315.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 30, 2008.

Ebby S. Bakhtiar, Liningston & Bakhtiar, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

En Tze Go, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Go has not shown the BIA violated his due process rights when it found no changed circumstances exception excused Go's untimely filed asylum application. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

Substantial evidence supports the IJ's determination that the harm Go suffered did not rise to the level of past persecution. *See Nagoulko*, 333 F.3d at 1016–18; *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). Even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, sub-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stantial evidence supports the IJ's determination that Go failed to demonstrate that it was more likely than not he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Additionally, the record does not compel the conclusion that the religious and ethnic strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christian Indonesians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc). Accordingly, we deny the petition for review with respect to Go's withholding of removal claim.

Go has waived any challenge to the agency's determination that he did not establish eligibility for protection under CAT. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.