Royke Robertus **PARUNTU**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–76850.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 21, 2008.

R.App. P. 34(a)(2).

Santiago Viado Millare, Esquire, Law Office of Santiago V. Millare, Murrieta, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Joanne E. Johnson, Esquire, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Royke Robertus Paruntu, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The agency denied Paruntu's asylum application claim as time-barred. Paruntu does not challenge this finding in his opening brief.

Substantial evidence supports the agency's denial of withholding of removal because Paruntu's experiences do not rise to the level of past persecution, *see Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995), and he failed to establish a clear probability of future persecution by the government or forces that the government is unable or unwilling to control, *see Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir. 2005); *see also Lolong v. Gonzales,* 484 F.3d 1173, 1180 (9th Cir.2007) (en banc) (holding that petitioners alleging a pattern or practice of persecution by non-government actors must also prove that the government is unable or unwilling to control those actors). Paruntu's withholding of removal claim is further undercut because his Christian father and siblings have continued to live in Indonesia without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

In his opening brief, Paruntu fails to include any arguments challenging the agency's denial of his CAT claim and therefore has waived the issue. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.