**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDY KURNIA; et al., | No. 08-70042 |
| Petitioners, | Agency Nos. A079-273-934 |
| | A079-273-935 |
| v. | A079-273-936 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted Feburary 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Judy Kurnia and his family, natives and citizens of Indonesia, petition for

review of the Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's decision denying their claims for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that petitioners failed to establish past persecution or a well-founded fear of future persecution on account of their ethnicity or religion. *See Halim v. Holder*, 590 F.3d 971, 975-77 (9th Cir. 2009). Substantial evidence supports the agency's finding that the incidents of mistreatment petitioners experienced did not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (discriminatory mistreatment including beatings and robberies by native Indonesian youths and being accosted by hostile mob did not, without more, "cumulatively amount to past persecution," and harm to petitioner's associates did not constitute past persecution where it was not "closely tied to" petitioner himself) (internal quotation and citation omitted). In addition, even as members of a disfavored group, petitioners have not demonstrated the requisite individualized risk of persecution. *See Halim*, 590 F.3d at 977-79 (petitioner did not show he was or likely would be individually targeted and failed to distinguish "his exposure from those of all other ethnic Chinese Indonesians") (citation omitted); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Finally, the record in this case does not compel the conclusion that petitioners have established

08-70042

a pattern or practice of persecution of ethnic Chinese or Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, petitioners' asylum claim fails.

Because petitioners have failed to meet the lower standard of proof for asylum, their claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Petitioners have not made any argument regarding the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Finally, we reject petitioners' due process contention because they have not shown prejudice from any missing part of the August 27, 2001, hearing transcript. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068-69 (9th Cir. 2007) (no due process violation where no prejudice shown).

**PETITION FOR REVIEW DENIED.**