
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN B YELOVICH, | No. 11-36071 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05867-RAJ |
| v. | |
| CAROLYN W. COLVIN (Acting), Commissioner of Social Security, [**] | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 8, 2013[***]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Michael  J. Astrue, is substituted for his predecessor as Commissioner of the Social Security Administration. Fed. R. App. P. 43 (c) (2).

[***] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER, RAWLINSON, and EBEL[****] Circuit Judges.

Appellant Steven Yelovich (Yelovich) challenges the denial of his claim for disability benefits.

**1.** Substantial evidence supports the ALJ's conclusion that Yelovich was not fully credible. His subjective complaints were inconsistent with his conservative course of treatment and daily activities. Additionally, Yelovich admitted to deceiving doctors about his methamphetamine use and presented inconsistent testimony about his drug abuse. Under the circumstances, the ALJ's adverse credibility finding rested on permissible considerations. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (noting that when weighing credibility, an ALJ may consider "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . .").

---

[****] The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2

2

**2.** Substantial evidence also supports the ALJ's RFC determination that Yelovich was capable of sedentary work with some restrictions. The ALJ relied on medical records indicating that Yelovich possessed normal ambulation with limited range of motion restrictions, and could be treated conservatively with pain medication and physical therapy. Psychological evaluations indicated that Yelovich could perform "simple, repetitive tasks" as set forth in the RFC. The ALJ presented "specific and legitimate" reasons for rejecting psychological opinions outlining more severe deficits because Yelovich admitted to concealing his drug use from those doctors. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999) (explaining that results of psychological testing may be called into question based on a claimant's drug use).

**3.** The hypothetical question posed to the vocational expert (VE) incorporated all of the physical limitations from the RFC. Substantial evidence supports the ALJ's exclusion of a "reaching" restriction from the RFC and the hypothetical because Yelovich's doctor noted that his shoulder injury "should improve." Because the RFC was not defective, the hypothetical question posed to the VE was proper. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009) (explaining that the hypothetical question is derived from the RFC).

3

5.     At step five of the disability analysis, the burden shifts to the Social Security Administration to demonstrate that the claimant is not disabled and that he can engage in some type of substantial gainful activity "that exists in 'significant numbers' in the national economy . . ." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  An ALJ can make this determination by obtaining the testimony of a VE about the claimant's vocational capacity.  *See id*.  The parties agree that the VE in this case incorrectly referenced two of the three occupations he deemed Yelovich capable of performing.  The VE's testimony was only accurate with respect to the occupation of document preparer.  The VE testified that 900 regional and 42,000 national jobs existed for this occupation. "We have never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012), *as amended*.  In *Beltran*, we held that 135 regional and 1,680 national jobs was *not* a significant number.  *See id.* at 390.  By contrast, we have held that as few as 1,266 regional jobs *was* a significant number and we have referenced cases finding as few as 500 jobs significant.  *See Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989), *as amended*.  Because the availability of 900 regional document preparer jobs is similar to numbers we have found "significant" in the past, the VE's error is harmless.  *See Burch v. Barnhart*, 400 F.3d 676, 679

(9th Cir. 2005) (holding that a disability finding is subject to harmless error analysis).  We do not decide whether the document preparer position is inconsistent with Yelovich's RFC limitation of "simple, repetitive tasks." Yelovich did not raise this argument with specificity until his reply brief, and has therefore waived it.  *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**AFFIRMED.**