**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDEEP KUMAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-367

Agency No.
A208-273-322

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2023[**]
San Francisco, California

Before: S.R. THOMAS, BEA, and BENNETT, Circuit Judges.

Petitioner Sandeep Kumar, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") which dismissed Petitioner's appeal from the decision of an immigration judge ("IJ") who denied Petitioner's applications for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"),[1] and ordered that Petitioner be removed from the United States to India. Reviewing the agency's finding that Petitioner could safely relocate within his country of origin for substantial evidence, *see Dawson v. Garland*, 998 F.3d 876, 878, 884–85 (9th Cir. 2021), we deny the petition for review.

1. Petitioner argues that the BIA failed to analyze whether his past persecution was attributable to the national government of India, rather than a state government. Petitioner forfeited this argument when he failed to raise it before the BIA. In addition, the argument is meritless: The BIA's decision on whether the past persecution was attributable to the national government is irrelevant because the regulations in effect at the time of the BIA's decision required the same presumptions and burdens in the relocation analysis upon any showing of past persecution, whether government-sponsored or not. *See* 8 C.F.R. § 1208.13(b)(3)(ii) (2018) ("In cases in which the persecutor is a government or is government-sponsored, *or the applicant has established persecution in the past,* it shall be presumed that internal relocation would not be reasonable, unless the Service establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." (emphasis added)). Because the agency held that Petitioner suffered past persecution in

---

[1] Petitioner abandoned his claim for CAT relief when he failed to raise that claim in his petition for review. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

India, the agency's failure to analyze whether the persecution was at the hands of the national government is irrelevant.

2.    Petitioner's arguments on the merits of the relocation analysis are meritless.  The fact that petitioner was persecuted by the national government of India does not compel the conclusion that internal relocation is impossible or unreasonable.  *See Kaur v. Wilkinson*, 986 F.3d 1216, 1230 (9th Cir. 2021).  On the contrary, the evidence demonstrates that state governments in India have greater control over law enforcement than the national government.  The evidence also demonstrates that Petitioner's attackers have not attempted to contact him since 2017.  The Government identified safe locations where Petitioner could live in India, and the agency's decision that relocation within India would be reasonable was supported by substantial evidence.

Because relocation within India would be reasonable, Petitioner is ineligible for asylum and withholding of removal.  *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003).

**PETITION DENIED.**