NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOISES B. CARAVANTES-RODAS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-4327<br><br>Agency No.<br>A212-955-021<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025**
Pasadena, California

Before: GOULD and BENNETT, Circuit Judges, and EZRA, District Judge.***

Moises Benjamin Caravantes-Rodas, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals ("BIA") order affirming

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

the Immigration Judge's ("IJ") order denying his application for withholding of removal, asylum, and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA affirms the IJ without opinion and cites 8 C.F.R. § 1003.1(e)(4), we review the IJ decision as the final agency decision. *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023). We review *de novo* questions of law. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023). We review the BIA's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). The substantial evidence standard is deferential, requiring reversal only when, based on the record evidence, "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Caravantes-Rodas has waived any argument regarding his proposed particular social group ("PSG"), "young Guatemalans who are victims of criminal activity," by not raising it in his opening brief. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (explaining that a petitioner must "specifically and distinctly" raise an argument to avoid forfeiture (quoting *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017))); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). The IJ held that, because the PSG included being a victim of criminal activity in its definition, it was circularly defined. Because Caravantes-Rodas does not challenge this conclusion, the IJ's holding that the PSG is not

cognizable stands, and Caravantes-Rodas may not rely on that PSG to demonstrate eligibility for asylum or withholding of removal.

2. Substantial evidence supports the agency's determination that Caravantes-Rodas did not suffer harm on account of his religion or his membership in the proposed PSG "a member of House of God, a Christian church group in Palencia, Guatemala, who are targeted by gang members." *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021). The IJ found that Caravantes-Rodas's alleged persecutors were motivated by pecuniary interest and retaliation. Caravantes-Rodas did not testify that the gang members said or did anything that made him believe they were targeting him because of his religion, and he admitted before the IJ that he was not sure if the gang members were even aware of his religion. The record does not compel the conclusion that his religion or membership in the House of God was either "a reason" or "one central reason" for the harm he experienced or fears. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–358 (9th Cir. 2017) (citing 8 U.S.C. §§ 1158(b)(1)(B)(i) and 1231(b)(3)(A) and (C)). His asylum and withholding of removal claims thus fail.

3. Substantial evidence supports the IJ's determination that Caravantes-Rodas has not shown that he faces an individualized risk of torture that is more likely than not. Caravantes-Rodas's brief responds to this finding only by saying that "[t]he gang is likely to make him subject to payback" and "[t]orturing him to death

3                                        23-4327

is not out of the question," without any record or case citations to support his claims. These claims are "speculative and unsupported by the record." *See Gutierrez-Alm*, 62 F.4th at 1201. Caravantes-Rodas does not contend nor is there evidence that he has experienced past torture, he testified that neither he nor his family in Guatemala have been threatened since the incident after the robbery in 2017, and there is no other evidence that the gang members have a "continuing interest in him." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1030 (9th Cir. 2019). Because Caravantes-Rodas points to no other evidence to show that he is more likely than not to be tortured, the IJ's finding that Caravantes-Rodas does not face an individualized risk of torture is supported by substantial evidence.

**PETITION DENIED.**