Hendra **GUNAWAN**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–71309.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.[*]

Filed May 1, 2008.

Kathleen S. Koh, Law Office of Kathleen Koh, Whittier, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Donald A. Couvillon, John C. Cunningham, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM [**]

Hendra Gunawan, a native and citizen of Indonesia, petitions for review of the

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review under 8 U.S.C. § 1252.

Where, as here, it is unclear whether the BIA conducted a *de novo* review, the Court will "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1197 (9th Cir.2000). We review for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition.

Even assuming Gunawan's application was timely filed, substantial evidence supports the IJ's finding that he failed to establish past persecution because the three or four beatings Gunawan suffered over the past fifty years, and the general discrimination and harassment he experienced as a Chinese–Christian in Indonesia, are not sufficient to compel the conclusion that he suffered past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). Substantial evidence also supports the IJ's finding that Gunawan failed to establish a well-founded fear of future persecution because he has similarly situated family members who remained in Indonesia unharmed, and he did not show more than a random possibility of persecution against ethnic Chinese. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001); *see also Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Because Gunawan did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

In his opening brief, Gunawan fails to address, and therefore has waived, any challenge to the agency's determination that he is ineligible for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**