Glenda Yamileth ARAGON–
DIAZ, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–75794.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Tamiko O. Moore, Law Office of Tamiko O. Moore, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Levings, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Glenda Yamileth Aragon–Diaz, native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir.2005). We deny the petition for review.

■ Aragon–Diaz fails to raise, and therefore waives, any challenge to the IJ's determination that she does not merit a grant of asylum as a matter of discretion. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ Substantial evidence supports the IJ's conclusion that Aragon–Diaz failed to establish past persecution or that she has a clear probability of future persecution, because the murder of Aragon–Diaz's brother was not closely tied to her, *see Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991), and the subsequent anonymous threatening letters do not establish a likelihood of persecution on account of a protected ground, *see Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005).

■ Substantial evidence supports the IJ's denial of CAT relief because Aragon–Diaz failed to demonstrate it is more likely than not that she will be tortured if she returned to Honduras. *See El–Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**