**Pascual Juan ANDRES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75132.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Franquinha, Aguirre Law Group A.P.C., San Diego, CA, for Petitioner.

David V. Bernal, Jesse M. Bless, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Pascual Juan Andres, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

■ The agency concluded Andres was neither eligible for asylum nor entitled to asylum in the agency's discretion. The opening brief does not challenge the agency's dispositive discretionary denial of asylum and has therefore forfeited the issue. *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

■ Substantial evidence supports the agency's finding that changed country conditions in Guatemala rebut Andres's presumption of a clear probability of persecution on account of the political opinion imputed to him in the past by the Guatemalan government. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003). Substantial evidence also supports the agency's finding that Andres failed to establish a pattern or practice of persecution against indigenous people in Guatemala. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc) (requiring that the government be unable or unwilling to control perpetrators of general violence for purposes of evaluating the source or agent of persecution). Further, the record does not compel the conclusion that the Guatemalan government is unwill-

ed by 9th Cir. R. 36–3.

ing or unable to control persecution against survivors of human rights abuses. *See id.* We therefore uphold the denial of withholding of removal.

 Finally, the opening brief does not challenge the agency's denial of relief under the CAT. Andres has therefore forfeited the issue. *See Martinez–Serrano,* 94 F.3d at 1259.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** his disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.