MEMORANDUM **
Xiangzhe Cui, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) dismissal of the Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.
The BIA adopted and affirmed the decision of the IJ. Accordingly, we “review the IJ’s decision as if it were that of the BIA.” Hoque v. Ashcroft, 367 F.3d 1190, 1194 (9th Cir.2004). “The decision that an alien *713 has not established eligibility for asylum ... is reviewed for substantial evidence.” Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006). Because the IJ found Cui to be credible, we accept his testimony as true. See Recinos De Leon v. Gonzales, 400 F.3d 1185, 1191 (9th Cir.2005).
In order to be eligible for asylum, an applicant must establish that he was persecuted or has a well-founded fear of persecution on account of one or more of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A). See INS v. Elias-Zacarias, 502 U.S. 478, 481-82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). “Our caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm ... in a way regarded as offensive.” Li v. Ashcroft, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (alteration in original) (internal quotation marks omitted). Cui was interrogated, had his hair pulled, was slapped twice, causing his mouth to bleed, and was then beaten by his cellmates before being hospitalized for illness. Upon his release from the hospital, he fled, first to other parts of China, then to this country. Substantial evidence supports the IJ’s finding that the treatment Cui received did not rise to the level of persecution, even considering the cumulative effect of the harm he suffered. See Gu v. Gonzales, 454 F.3d 1014, 1019-21 (9th Cir.2006); Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995). Like the petitioners in Gu and Prasad, Cui was “unable to show more than a single, isolated encounter with the authorities,” Gu, 454 F.3d at 1020, during which he suffered treatment that was not “so overwhelming” as to compel a finding of persecution, Prasad, 47 F.3d at 339.
Cui waived his withholding of removal and CAT claims by not addressing them substantively in his opening brief. Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.