**Erik Hidayat JAP, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72355.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Home-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

land Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq, Thomas Fatouros, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Erik Hidayat Jap, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

The agency denied Jap's asylum application as time barred. Jap does not challenge this finding in his opening brief. Accordingly, we deny the petition as to Jap's asylum claim.

Substantial evidence supports the agency's finding that the harm suffered by Jap does not rise to the level of persecution. *See id.* at 1059–60. Substantial evidence further supports the agency's finding that, even as a member of a disfavored group, Jap failed to demonstrate a clear probability of future persecution. *See Hoxha v.*

*Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003). Likewise, we conclude that substantial evidence supports the agency's finding that Jap failed to demonstrate a pattern or practice of persecution sufficient to establish eligibility for withholding of removal. *See Wakkary*, 558 F.3d at 1060–62. Therefore, we deny the petition as to Jap's withholding of removal claim.

Jap has failed to set forth any substantive argument regarding the agency's denial of CAT relief, and therefore has waived the issue. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

