MEMORANDUM **
Gudelia Florentina Carranza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) February 15, 2006, denial of her “motion to reconsider.” We have jurisdic *62 tion pursuant to 8 U.S.C. § 1252 and deny the petition.
Carranza argues that the Immigration Judge (IJ) erred in finding her ineligible for cancellation of removal. However, she appealed only the BIA’s denial of her motion to reconsider. Therefore, we do not have jurisdiction to consider her arguments with respect to the BIA’s initial decision regarding ineligibility.
The BIA denied Carranza’s motion to reconsider on the basis that the motion was untimely. In her brief before this court, Carranza does not challenge that timeliness finding, and has therefore forfeited the issue. Martinez-Serrano v. I.N.S., 94 F.3d 1256, 1259 (9th Cir.1996). Because the propriety of the BIA’s dismissal on the basis of timeliness was the only issue to be reviewed, we must deny the petition. We note, however, that we see no merit to the underlying motion in any event.
Despite our conclusion, we agree with the sentiments expressed in the dissent. This is an unfortunate outcome in a sympathetic case. To remove a single mother of three who has lawfully lived and worked in the United States for two decades, despite the family upheaval and separation that it will entail, is “unconscionable,” see Dissent at 62; that this pro se petitioner has been unable to obtain review of the BIA’s decision to deny relief because of procedural errors is also unfair. However, the result we reach is dictated by existing law and does not, as a matter of law, violate the Due Process Clause. See Dissent at 62.
DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.