**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIACHESLAV DMITRIYEVICH NEVROV and YURI NEVROV, | No. 06-70471 |
| Petitioners, | Agency Nos. A072-115-988 |
| | A072-115-986 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2010
San Francisco, California

Before: SILVERMAN, FISHER, and M. SMITH, Circuit Judges.

Viacheslav Dmitriyevich Nevrov and his son Yuri Nevrov (collectively, the

Nevrovs) petition for review of the Board of Immigration Appeals's (BIA)

decision denying their applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT).  We have jurisdiction

_____

       *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that the Nevrovs' experiences of discrimination and harassment in Latvia do not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). In addition, substantial evidence supports the BIA's failure to find a well-founded fear of persecution, as the Nevrovs failed to establish the existence of an individualized risk of persecution or a pattern or practice of persecution against similarly situated individuals. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Although the Nevrovs may be stateless, that fact alone does not warrant a grant of asylum. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 n.5 (9th Cir. 2007). They are still required to demonstrate a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, *see id.*, which they have failed to do in this case.

Because the Nevrovs failed to establish eligibility for asylum, they necessarily fail to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The Nevrovs did not raise any challenge to the BIA's denial of their CAT claim. *See Martinez-Serrano*

2

*v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument in the opening brief are deemed waived).

**PETITION FOR REVIEW DENIED**.