**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIGOBERTO DIEGO-JOSE,<br><br>    Petitioner,<br><br>  v.<br><br> ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | Nos. 08-72274<br>        08-74923<br><br>Agency No. A078-675-780<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

   Rigoberto Diego-Jose, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") orders upholding the

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"), and the

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's order denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We review for abuse of discretion the BIA's denial of a motion for reconsideration. *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008). We deny the petitions for review.

Diego-Jose contends he suffered persecution because, as he learned years after the fact, Guatemalan soldiers killed his father, and the family suffered financial hardships. Substantial evidence supports the BIA's finding that these experiences did not establish that Diego-Jose suffered past persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995); *see also Wakkary v. Holder*, 558 F .3d 1049, 1060 (9th Cir. 2009) (no past persecution where harm to others was not part of "a pattern of persecution closely tied to" petitioner) (internal citation and quotation omitted).

Further, the BIA did not abuse its discretion in denying Diego-Jose's motion to reconsider. We agree with the BIA's conclusion that *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042 (9th Cir. 2007) does not apply to Diego-Jose's claim because he merely heard about, rather than perceived, his father's killing. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (citations omitted)

(persecution is an "extreme concept" that includes the "infliction of suffering or harm"). Accordingly, because Diego-Jose failed to establish past persecution, his claim for humanitarian asylum fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Moreover, substantial evidence supports the BIA's finding that Diego-Jose failed to establish he has a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).

Because Diego-Jose failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182*,* 1190 (9th Cir. 2006).

Diego-Jose has not raised any direct challenge to the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). Accordingly, we deny the petition for review as to Diego-Jose's CAT claim.

**PETITION FOR REVIEW DENIED.**