**NOT FOR PUBLICATION**

DEC 21 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MING LI, | No. 10-72128 |
| Petitioner, | Agency No. A098-355-938 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ming Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence factual findings and review de novo legal findings.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The BIA assumed that Li was credible and expressly declined to address the IJ's adverse credibility finding.  Because our review is limited by the scope of the BIA's order, we deny the petition for review as to this issue.  *See Kyung Park v. Holder*, 572 F.3d 619, 622 (9th Cir. 2009).

Li contends he qualifies for asylum on account of China's One-Child policy because "he has been both harmed, and threatened with harm" and could be forcibly sterilized if returned to China.  Substantial evidence supports the BIA's finding that his single arrest and beating do not rise to the level of persecution.  *See Gu v. Gonzales,* 454 F.3d 1014, 1020–21 (9th Cir. 2006).  Substantial evidence also supports the BIA's finding that Li does not have a well-founded fear of future persecution given that he lived unharmed and worked several different jobs in China for three years after his arrest and given the lack of evidence that anyone in China continues to seek him.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000); *Singh v. INS*, 134 F.3d 962, 969 (9th Cir. 1998).  Finally, Li does not challenge the BIA's finding that he is ineligible for asylum based on his former girlfriend's forced abortion.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60

(9th Cir. 1996) (issues not raised and argued in opening brief are waived). Accordingly, his asylum claim fails.

Because Li has not met his burden of establishing eligibility for asylum, he necessarily fails to meet the heavier burden of qualifying for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Lastly, substantial evidence supports the BIA's denial of CAT relief because Li failed to establish that it is more likely than not that he will be tortured if returned to China. *See Wakkary*, 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**