**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| YUEQI CAO, | No. 08-72960 |
| Petitioner, | Agency No. A099-462-839 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2012
Submission deferred October 19, 2012
Resubmitted June 24, 2013
San Francisco, California

Before: D.W. NELSON, TALLMAN**, and MURGUIA, Circuit Judges.

Yueqi Cao petitions for review of a Board of Immigrations Appeals ("BIA")

decision dismissing her appeal of the Immigration Judge's ("IJ") denial of her

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      Judge Richard C. Tallman was drawn to replace Judge B. Fletcher and
has read the briefs, reviewed the record, and listened to a recording of oral
arguments.

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based upon an adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and deny the petition for review.

The BIA found no clear error in the IJ's adverse credibility determination. We agree. The adverse credibility determination was supported by substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003), which included Cao's unreliable testimony about her residency, employment, and surgery; questionable documentary evidence; failure to corroborate documentary evidence with testimony from her husband and family relative, both of whom were living in the United States, and to explain their inability to testify, *see Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000); and lack of specificity in her declaration, *cf. Aguilera-Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir. 1990) (explaining that an applicant's "failure to file an application form that was as complete as might be desired cannot, *without more*, properly serve as the basis for a finding of a lack of credibility" (emphasis added)). Accordingly, the BIA's conclusion that the IJ properly relied upon these factors when rendering an adverse credibility determination under the REAL ID Act, *see* 8 U.S.C. § 1158(b)(1)(B)(iii) (requiring that credibility determinations be based upon

2

a "totality of the circumstances, and all relevant factors"), and dismissal of Cao's petition were not erroneous.

Furthermore, Cao has waived her due process claim and any challenge to the BIA's denial of CAT protection by failing to argue these issues in her opening brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). Our unwillingness to review these issues does not result in manifest injustice. *United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir. 1987).

**PETITION FOR REVIEW DENIED.**