**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEIDI CHEN, | No. 09-70632 |
| Petitioner, | Agency No. A099-612-192 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | ORDER AND MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2013**
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Meidi Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an IJ's decision denying

his application for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because the BIA conducted its own review of the evidence and law instead of adopting the IJ's decision, we review only "the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). Because the BIA assumed Chen's credibility and did not adopt the IJ's decision, we do not review the IJ's credibility determination. *See Hanna v. Keisler*, 506 F.3d 933, 937 (9th Cir. 2007).

The BIA correctly held that the forced sterilization of Chen's wife did not *per se* entitle him to refugee status and asylum. *See Jiang v. Holder*, 611 F.3d 1086, 1092–93 (9th Cir. 2010). Nor has Chen shown he has been persecuted or has a well-founded fear of future persecution because of "other resistance" to China's population control policy, in addition to the sterilization of his wife, as required under *Jiang*, to entitle him to asylum under 8 U.S.C. § 1101(a)(42). *See Jiang*, 611 F.3d at 1092–93.

The BIA correctly concluded that because Chen failed to qualify for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Chen does not press his CAT claim on appeal and has therefore waived it. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). Even if Chen had not waived this claim, substantial evidence also supports the BIA's

2

conclusion that it was not "more likely than not" that Chen would be tortured if he were removed to China.

Petitioner's Motion to File a Supplemental Brief is granted.

**PETITION FOR REVIEW DENIED.**