**NOT FOR PUBLICATION**

DEC 19 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO VINCENTE-LOPEZ, a.k.a. Ricardo Vicente Lopez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73655 <br><br> Agency No. A095-788-289 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Ricardo Vincente-Lopez, a native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Vincente-Lopez has not challenged the agency's dispositive determination that his asylum claim is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the BIA's finding that Vincente-Lopez's experiences with his neighbors in Guatemala, even considered cumulatively, did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003). Substantial evidence also supports the BIA's determination Vincente-Lopez failed to establish it is more likely that not his life or freedom would be threatened in Guatemala. *See id.* at 1018 (possibility of future persecution too speculative); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (continued safety of family in hometown undermined future fear). Consequently, Vicente-Lopez's withholding of removal claim fails.

Finally, substantial evidence supports the BIA's denial of CAT protection

because Vincente-Lopez failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**