**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAN VARGA, | No. 12-71301 |
| Petitioner, | Agency No. A088-039-011 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Dan Varga, a native and citizen of Romania, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence support's the BIA's determination that, even if Varga is credible, he failed to establish that he suffered past persecution, because his experiences in Romania do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution). Substantial evidence also supports the BIA's determination that Varga failed to establish a well-founded fear of future persecution, *see Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995) (evidence of discrimination insufficient to show well-founded fear of persecution), particularly in light of the fact that he made repeated voluntary returns to Romania, *see Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) (noting that "an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution"). Accordingly, his asylum claim fails. In light of this conclusion, we need not reach Varga's contentions regarding nexus, corroboration, or credibility.

Because Varga has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Varga does not raise any arguments regarding the denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**