**Alex Eliseo Sanchez MENDEZ,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

**No. 13–70116.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 23, 2014.*

Filed Oct. 3, 2014.

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, OIL, Jem C. Sponzo, Esquire, Ada Elsie Bosque, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Depart-

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

330

ment of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Alex Eliseo Sanchez Mendez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Sanchez Mendez does not challenge the BIA's finding of waiver regarding the timeliness of his asylum application. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not make any findings regarding past persecution. Sanchez Mendez does not make any arguments that the BIA erred in failing to do so. *See id.*

Substantial evidence supports the BIA's finding that Sanchez Mendez did not show that there is a pattern or practice of persecution against indigenous persons in Guatemala. *See Wakkary*, 558 F.3d at 1060–62 (record did not compel a finding of a pattern or practice of persecution). Substantial evidence also supports the BIA's finding that Sanchez Mendez did not show sufficient individualized risk under a disfavored group analysis to establish it is more likely than not that he would be persecuted in Guatemala. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir.2009); *see also Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). Further, substantial evidence supports the BIA's determination that Sanchez Mendez did not establish a nexus between his fear of gangs and his membership in a particular social group. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We reject Sanchez Mendez's contention that the BIA improperly or inadequately assessed his arguments regarding the treatment of indigenous people in Guatemala and the prospect of future persecution. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n. 6 (9th Cir.2004) (agency "does not have to write an exegesis on every contention") (internal quotation marks and citation omitted). Finally, because we are reviewing the BIA's decision, we do not reach Sanchez Mendez's contentions of IJ error. Thus, Sanchez Mendez's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.