**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL BARAJAS-PRECIADO, | No.   14-73442 |
| Petitioner, | Agency No. A078-031-894 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Jose Manuel Barajas-Preciado, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order of removal.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo question of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and we deny the petition for review.

Barajas-Preciado does not challenge that his controlled substance conviction renders him statutorily ineligible for adjustment of status. *See* 8 U.S.C. § 1255(a)(2); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Contrary to Barajas-Preciado's contention, the agency was not required to conduct a particularly serious crime analysis or consider the related factors in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), in determining his eligibility for adjustment of status, where his controlled substance conviction rendered him inadmissible. *See* 8 U.S.C. § 1255(a)(2) (status may be adjusted if alien is "eligible to receive an immigrant visa and is *admissible* to the United State" (emphasis added)); *cf. Frentescu*, 18 I. & N. Dec. at 244 (particularly serious crime is statutory bar to asylum and withholding).

Contrary to Barajas-Preciado's contentions, the BIA reached the merits of his ineffective assistance of counsel claims and properly determined Barajas-Preciado failed to establish that prior counsel rendered ineffective representation. *See Mohammed*, 400 F.3d at 793 (ineffective assistance of counsel claims require deficient conduct and prejudice).

14-73442

Barajas-Preciado's contention that the agency failed to consider the administrative record is not supported by the record.

In light of this disposition, we do not address Barajas-Preciado's remaining contentions regarding *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

**PETITION FOR REVIEW DENIED.**