**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANMIN ZHAO, | No.  18-70930 |
| Petitioner, | Agency No. A201-209-408 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020[**]
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

Petitioner Yanmin Zhao ("Zhao"), a native of the Republic of China, seeks

review of the Board of Immigration Appeals ("BIA") decision affirming the denial

of her asylum and Convention Against Torture ("CAT") claims. The parties are

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

familiar with the facts and procedural history, so we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

The IJ did not err in her treatment of Zhao's credibility. An "IJ must provide 'specific and cogent reasons' in support of an adverse credibility determination." *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009) (quoting *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003)). Here, the IJ did not impermissibly make a "backdoor" adverse credibility finding against Zhao; rather, the IJ found Zhao credible, accepted what she said as true. The IJ then permissibly exercised her discretion to deny asylum after assigning appropriate weight to those truthful statements and balancing them against other adverse factors. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1038 (9th Cir. 2004) (the BIA has discretion "to decide what consequences to attach to the facts thereby taken as true" and "to determine what weight to give them"); *Gulla v. Gonzales*, 498 F.3d 911, 915 (9th Cir. 2007) ("Once an applicant establishes statutory eligibility for asylum, the Attorney General must, by a proper exercise of discretion, determine whether to grant that relief." (internal quotations and alterations omitted)).

Nor did the IJ err in denying Zhao's asylum petition. We review the discretionary denial of asylum for abuse of discretion. *Id.* at 1137; 8 U.S.C. § 1252(b)(4)(D). The burden of proof is on the applicant to establish both statutory eligibility for asylum and that such relief should be granted in the exercise of

discretion. 8 U.S.C. § 1158(b)(1)(B). During the discretionary step of an asylum application, the IJ must consider favorable and adverse factors and "explain sufficiently how each factor figures in the balance so the court can determine that the factor has been heard, considered, and decided." *Gulla*, 498 F.3d at 916. The adverse factors counseling against asylum were clear here, to include the circumstances surrounding Zhao's criminal conduct and the fact that Zhao offered no corroborating evidence about her work history post-conviction. Finally, the IJ properly reconsidered the discretionary denial of asylum in light of Zhao's grant of withholding of removal.

Finally, Zhao waived her CAT claim by failing to raise specific arguments in support of that claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION DENIED.**