NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| AMROU SALEH,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   15-72233<br><br>Agency No. A095-635-908<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2021**
Pasadena, California

Before: IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Amrou Saleh, a native and citizen of Egypt, petitions for review of the Board

of Immigration Appeals ("BIA") decision affirming an immigration judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

order denying his application for asylum.[1] The parties are familiar with the facts so we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021) (citation omitted). "We review agency factual findings for substantial evidence." *Id.* "Under the substantial-evidence standard, the agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1178–79 (cleaned up).

Saleh must show he is unable or unwilling to return to Egypt due to past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion to be eligible for asylum. *Id.* at 1179. Saleh "may establish a 'well-founded fear of future persecution' in two ways: by proving past persecution, or by demonstrating that he has a 'subjectively genuine and objectively reasonable' fear of future persecution." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (citation omitted).

---

[1] Saleh addresses only his asylum claim, not his withholding of removal and CAT claims, in his brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

We are not compelled to find Saleh has demonstrated past persecution. Saleh argues that threats to his family while he was in the United States, coupled with the burning of his family's property, constituted past persecution. The unfulfilled threats to Saleh's family do not make this the "extreme" case where threats alone can compel finding past persecution. *See Villegas Sanchez*, 990 F.3d at 1179. And Saleh presents only speculation, not evidence, as to how the shed burned down or who was responsible. In any event, we have "not found that harm to others may substitute for harm to an applicant . . . who was not in the country at the time he claims to have suffered past persecution there." *Tamang v. Holder*, 598 F.3d 1083, 1092 (9th Cir. 2010). The record does not compel finding past persecution here.

Nor does the record compel finding that Saleh has shown an objectively reasonable fear of future persecution. Saleh argues that the cumulative effect of the incidents on the record supports an objectively reasonable fear of future persecution. But Saleh himself never suffered any harm and the BIA affirmed the IJ's factual findings that Yousef was in hiding and incapable of harming Saleh in the future. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir. 2004); *Korablina v. INS*, 158 F.3d 1038, 1045 (9th Cir. 1998). And Saleh points only to the unexplained burning of his family's shed to support a fear of future persecution from Yousef, which the BIA correctly determined does not establish a well-

3

founded fear of future persecution. The record does not compel finding that the BIA erred by concluding his similarly-situated family in Egypt was not harmed by Yousef and the burning was harassment, not persecution. *See Tamang*, 598 F.3d at 1094. Likewise, Ahmed's pushing of Saleh's mother does not compel finding the BIA erred in concluding that Ahmed had not persecuted or seriously harmed Saleh's family and that Ahmed does not pose a future threat of persecution given the passage of time since the past incidents. *See Villegas Sanchez*, 990 F.3d at 1179. Substantial evidence also supports the BIA's determination that the IJ correctly rejected Saleh's speculative claim that a man who harmed Saleh's father after a car accident would target Saleh upon his return to Egypt. The lack of harm to Saleh's similarly-situated family in Egypt cuts against any objectively reasonable fear of future persecution from Ahmed. *Tamang*, 598 F.3d at 1094.[2]

**PETITION FOR REVIEW DENIED.**

---

[2] Because Saleh has not shown an objectively reasonable fear of future persecution, we need not reach Saleh's other arguments.

4