**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMON VALENZUELA-MEDINA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-956

Agency No.
A200-693-129

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Ramon Valenzuela-Medina, a native and citizen of Mexico, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") dismissing an

appeal from an immigration judge's ("IJ") denial of his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, cancellation of removal, voluntary departure, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review questions of law de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Under the substantial evidence standard, the agency's findings are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted).

1. The agency properly denied statutory withholding of removal because Valenzuela-Medina failed to establish past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1231(b)(3). Further, substantial evidence supports the agency's determination that Valenzuela-Medina failed to establish that his experiences in Mexico rose to the level of past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (stating that an applicant bears the burden of proving that past treatment rises to the level of persecution); *see also Fon v. Garland*, 34 F.4th 810, 813 & n.1 (9th Cir. 2022) (discussing standard of

---

[1] The BIA found the denial of asylum, CAT protection, voluntary removal, and cancellation of removal uncontested and, therefore, did not further consider these forms of relief. Valenzuela-Medina does not specifically address these forms of relief in his brief. Therefore, any claims based on these forms of relief are unexhausted and forfeited. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture).

review). There is evidence that Valenzuela-Medina was indirectly threatened with death after his brother was shot by unknown individuals whom Valenzuela-Medina claimed were cartel members.[2] That threat, however, was not combined with any confrontation or mistreatment of Valenzuela-Medina. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm." (collecting cases)). The threat itself was not "so menacing as to cause significant actual suffering or harm," and the agency properly determined that it did not constitute past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)).

Substantial evidence also supports the agency's determination that Valenzuela-Medina did not establish an objectively reasonable fear of future persecution. *See Sharma*, 9 F.4th at 1065. The threat was conveyed to Valenzuela-Medina over twenty years ago, and Valenzuela-Medina did not know the identity of his brother's killers, or how they would recognize him if he returned

---

[2] Valenzuela-Medina argues that the threats "were combined with the murder of [his] brother" Roberto. Valenzuela-Medina does not cite record evidence to support this assertion, and his merits hearing testimony states that his brother was shot, not murdered. Valenzuela-Medina also asserts that the cartel "was responsible for several murder attempts against the men in [his] family, many who were brutally gunned down." He does not point to record evidence to support this assertion, and he testified before the IJ that his brother Roberto was the only member of his family who was harmed.

to Mexico. *See id.* (holding that the record did not compel a finding of future harm when "decades" had passed since the petitioner's interaction with the alleged persecutors); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (stating that the possibility of a course of events without "specific evidence to suggest" that the events will occur is too speculative to establish an objectively reasonable fear of future persecution). The agency also found that Valenzuela-Medina could reasonably relocate within Mexico, and Valenzuela-Medina does not specifically challenge this dispositive determination. *See* 8 C.F.R. § 1208.16(b)(3)(i); *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). The presence of cartel activity in Mexico generally is insufficient to show that it would be unreasonable for Valenzuela-Medina to internally relocate. *See Hussain v. Rosen*, 985 F.3d 634, 648–49 (9th Cir. 2021).

2.     Because Valenzuela-Medina failed to explain why he was eligible for humanitarian asylum, the BIA did not abuse its discretion in declining to remand to the IJ for consideration of that form of relief when it had affirmed the IJ's finding that Valenzuela-Medina had not suffered past persecution. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (explaining that a motion to reopen must establish the applicant's prima facie eligibility for the relief requested); *see also* 8 C.F.R. § 1208.13(b)(1)(iii).

**PETITION DENIED.**

4                                                                                22-956